UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| E-Z LETTERING SERVICE, a California partnership, | NATIONWIDE PENNANT AND FLAG MANUFACTURING, INC., a Texas corporation; and, DOES 1 THROUGH 5, inclusive |

(b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Orange County, California

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

(c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
J. MARK HOLLAND (119433)
LYNN/LM J. BOUSSEAU (216090)
J. MARK HOLLAND & ASSOCIATES,
3 SAN JOAQUIN PLAZA, SUITE 210
Newport Beach, CA 92660
Telephone (949) 718-6750
Facsimile (949) 718-6756
Email: office@jmhlaw.com

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ To be determined at trial.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
17 U.S.C. § 102, and 15 U.S.C. § 1125(a)
Copyright infringement; trade dress infringement; federal unfair competition; and California unfair competition

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☑ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s):

| FOR OFFICE USE ONLY: | Case Number: | **SACV08-00368 JVS (RNBx)** |
|---|---|---|

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff
Orange County, California

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
Texas

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
Orange County, California

X. SIGNATURE OF ATTORNEY (OR PRO PER): *Lynne M. G. Boisineau*          Date        4/4/2008

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

J. MARK HOLLAND (140453)
LYNNE M.J. BOISINEAU (216090)
J. MARK HOLLAND & ASSOCIATES,
3 SAN JOAQUIN PLAZA, SUITE 210
Newport Beach, CA 92660
Telephone: (949) 718-6750
Facsimile: (949) 718-6756
Email: office@jmhlaw.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E-Z LETTERING SERVICE, a California partnership,<br><br>PLAINTIFF(S)<br><br>v.<br><br>NATIONWIDE PENNANT AND FLAG MANUFACTURING, INC., a Texas corporation; and, DOES 1 THROUGH 5, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV08-00368 JVS (RNBx)**<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):  <u>THE ABOVE-NAMED DEFENDANT(S)</u>

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __J. Mark Holland_____, whose address is __J. Mark Holland & Associates, 3 San Joaquin Plaza, Suite 210, Newport Beach, CA 92660_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___APR - 4 2008_____

By: ___ROLLS ROYCE PASCHAL_____

Deputy Clerk

*(Seal of the Court)*

1144

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

J. MARK HOLLAND (140453)
LYNNE M.J. BOISINEAU (216090)
**J. MARK HOLLAND & ASSOCIATES**
a Professional Law Corporation
3 San Joaquin Plaza, Suite 210
Newport Beach, CA 92660
Telephone: (949) 718-6750
Facsimile: (949) 718-6756
Email: office@jmhlaw.com

Attorneys for Plaintiff
E-Z LETTERING SERVICE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

E-Z LETTERING SERVICE
a California partnership,

            Plaintiff,

vs.

NATIONWIDE PENNANT AND
FLAG MANUFACTURING, INC., a
Texas corporation;
and, DOES 1 THROUGH 5, inclusive,

            Defendants.

Civil Action No. **SACV08-00368 JVS (RNBx)**

**COMPLAINT FOR (1) COPYRIGHT INFRINGEMENT (2) TRADE DRESS INFRINGEMENT; (3) FEDERAL UNFAIR COMPETITION; (4) COMMON LAW TRADE DRESS INFRINGEMENT; AND (5) CALIFORNIA UNFAIR COMPETITION**

**JURY TRIAL DEMANDED**

## THE PARTIES

1.   Plaintiff E-Z Lettering Service ("E-Z") is a partnership existing under the laws of the State of California, and has a principal place of business at 1635 Ohms Way, Costa Mesa, California 92627-4328.

2.   Upon information and belief, Defendant Nationwide Pennant and Flag Manufacturing, Inc. ("NAP") is a corporation existing under the laws of the State of Texas, and has a principal place of business at 7325 Reindeer Trial, San Antonio, TX 78238-1214.

**COMPLAINT**
Civ. Action No.

1

3.   The true names and capacities of Doe Defendants 1 through 5 are not known to E-Z at this time, and E-Z therefore sues them under fictitious names. When the actual identities of Does 1 through 5 are determined, E-Z intends to seek leave of Court to amend this Complaint to name such persons as Doe Defendants. E-Z is informed and believes, and thereon alleges, that Does 1 through 5 participated in the copyright and trade dress infringement, unfair competition, and other wrongful acts described herein, and are responsible in some way for the wrongful acts and resulting damages alleged herein.  Accordingly, depending on the context in which it is used herein, the term "Defendants" is intended to include not only "NAP," but also any other Defendants or any individuals or other entities acting on behalf of or in coordination with the named Defendants regarding the matters discussed herein.

## JURISDICTION AND VENUE

4.   This complaint is for copyright infringement under 17 U.S.C. §102, trade dress infringement, federal unfair competition arising under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and for related causes of action under California state law.

5.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1338(a).

6.   Venue is proper in this judicial District under 28 U.S.C. §1391(b) and (d).

7.   This Court has personal jurisdiction over the Defendant by virtue of its transacting and doing business in this District, because a substantial part of the relevant events occurred in this District, and because a substantial part of the property that it is the subject of this action is situated here.

## BACKGROUND

8.   This dispute concerns copyright, trade dress, unfair competition, and other wrongful acts regarding E-Z's unique windshield banners.  Since 1959, E-Z has been manufacturing and marketing various products for use by various

COMPLAINT
Civ. Action No.

2

customers, including automobile dealerships.  During that nearly 50 years, E-Z has developed substantial customer recognition and goodwill associated with its innovative products, trademarks, service, and designs.  E-Z has expended substantial effort and money in designing and developing its products and in marketing those products.  Among other things, E-Z has copyright and trade dress rights in many of its unique products, including the ones at issue in this lawsuit.

9.   E-Z recently created and introduced a unique windshield banner product to help promote and sell automobiles.  E-Z's banner offers many advantages over previously-available alternatives.  E-Z has even filed an application to obtain patent protection for its unique design.  Depending on the immediacy and nature of the relief awarded by this Court and other factors, E-Z may elect to request expedited prosecution of its patent application, in order to make even more clear the extent that Defendants are infringing E-Z's rights.

10. On information and belief, Defendants have produced, marketed, and/or sold, and are continuing to produce, market, and sell products that infringe E-Z's copyright, trade dress, and various other intellectual property rights.  Such acts constitute unlawful and unfair competition.   E-Z's advertisements prominently display its relevant products, and pg. 27 of Defendants' 2008 catalog clearly advertises its infringing products.

11. Upon information and belief, prior to E-Z introducing its innovative banner product, Defendants were not offering any competitive product in the automobile industry.  Shortly after the introduction of E-Z's product, Defendants began to offer a knock-off product.  Among other things, Defendants recently began offering and selling their knock-off copies of E-Z's products, including by advertisements in their 2008 catalog that are virtually identical to E-Z's.  At the very least, Defendants' catalogs are confusingly similar, as further detailed below.

12. Defendants' decision to knock-off E-Z's product and otherwise unfairly compete is likely to cause immediate and serious damage to E-Z.

**COMPLAINT**
Civ. Action No.

3

13. Perhaps most importantly, E-Z is concerned that its reputation for high quality products and service may be tarnished by Defendants' continuing infringement. Upon information and belief, by their actions Defendants have misrepresented to customers that Defendants' products are identical to E-Z's (when in fact Defendants' products are inferior to E-Z's, and do not originate from E-Z or have any connection to E-Z other than being Defendants' knock-off of E-Z's innovative product and design).

14. The likelihood of Defendants succeeding in their unlawful efforts is increased because of the overlapping existing business relationships among the parties and at least certain of their customers. Among other things, and upon information and belief, the parties have a significant number of distributors in common with each other. For some time prior to Defendants' decision to knock-off E-Z's new banner product, those distributors have distributed at least some of the parties' respective products to the same "end customers". If Defendants are allowed to continue their infringement, those distributors and end customers are likely to be confused as to the source of the banner product. To the extent that E-Z is not in a position to control the nature or NAP of Defendants' knock-off product, Defendants' actions may continue to tarnish E-Z's reputation for high quality products, and otherwise damage E-Z. Among other things, any defective or otherwise unsatisfactory product from Defendants will likely cause persons (such as the end customers and/or distributors) to wrongly believe one or both of the following: (a) that E-Z's products are of the same poor quality, and/or (b) that the defective or otherwise unsatisfactory product came from E-Z.

15. These overlapping distributor channels increase the likelihood and degree of damage E-Z is likely to suffer in other ways. Defendants' unlawful actions have placed them in the position of offering products that are similar or even "interchangeable" with E-Z's genuine products. If an end user (such as an automobile dealer) orders E-Z's unique windshield banners from any of those

**COMPLAINT**
Civ. Action No.

4

overlapping distributors, and if E-Z's products happen to be on backorder, those distributors might unknowingly (or even intentionally) substitute the infringing products from Defendant to fill that order. As indicated above, any defect or other dissatisfaction with Defendants' products would immediately, directly, and irreparably damage E-Z's hard-earned reputation and goodwill.

16. Concurrently with preparing and filing this lawsuit, E-Z has undertaken self-help measures in an attempt to resolve this dispute without unnecessarily burdening the Court's scarce time and resources. Among other things, E-Z is sending a cease-and-desist letter via certified mail to the Defendants at the address listed above, demanding that Defendants immediately cease making, selling, importing, and/or offering to sell the infringing banner products, and to otherwise cease infringing on any of E-Z's intellectual property rights in any way.

## FIRST CAUSE OF ACTION:
### (Copyright Infringement Under 17 U.S.C. §102)

17. E-Z realleges and incorporates by reference the allegations in Paragraphs 1 through 16, inclusive, as though set forth here in full.

18. E-Z at all relevant times has been, the owner of exclusive rights under United States copyright law with respect to its windshield banner advertisements as well as the design of the windshield banners it produces, pursuant to the U.S. copyright laws at 17 U.S.C. 101 et seq. E-Z has applied for a VA registration related to same.

19. Among E-Z's exclusive rights under its copyrights are the exclusive rights to produce and to distribute its windshield banner advertisements to the public.

20. Upon information and belief, Defendant, without the permission or consent of E-Z, has used, and continues to use, E-Z's designs, to distribute its own

COMPLAINT
Civ. Action No.                                                                    5

catalogs/advertisements to the public, and/or to make the windshield banners available for distribution to others. In doing so, Defendant has violated E-Z's exclusive rights of reproduction and distribution.  Defendant's actions constitute infringement of E-Z's copyrights and exclusive rights under copyright.

21. E-Z is informed and believes that the foregoing acts of infringement by Defendants have been willful and intentional, in disregard of and with indifference to the rights of E-Z.

22. As a result of NAP's infringement of E-Z's copyrights and exclusive rights under copyright, E-Z is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of each of the copyrighted advertisements. E-Z is further entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

23.    Upon information and belief, Defendants' conduct is continuing and, unless enjoined and restrained by this Court, will continue to cause E-Z great and irreparable injury that cannot fully be compensated or measured in money damages.  E-Z has no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502 and 503, E-Z is entitled to injunctive relief prohibiting Defendants from further infringing E-Z's copyrights.

## SECOND CAUSE OF ACTION:

### (Trade Dress Infringement Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

24. E-Z realleges and incorporates by reference the allegations in Paragraphs 1 through 23, inclusive, as though set forth here in full.

25. E-Z is a leader in its industry.  Since as early as 1959, E-Z has manufactured and marketed high quality, unique products for use by customers including automobile dealers.  Since as early as August 2007, E-Z has produced and sold windshield banners having specific trade dress features that distinguish E-Z's windshield banner products from those of its competitors.  Those features

COMPLAINT
Civ. Action No.

6

include and have included, among others, (a) vinyl material in an arbitrary arrangement of bright display colors; (b) the unique number, size, location, and stretch nature of the attachment structure; (c) the unique number, location, and use of attachment grommets at the edges of the banners; and (d) a unique placement and incorporation of two fiberglass stiffeners on each of the shorter banner edges. Defendants, like any third party, can compete with E-Z's product without adopting these trade dress elements.

26. As indicated above, E-Z's innovative banner designs have a number of functional benefits as well, which are not part of the current Complaint but for which E-Z hopes and expects to receive patent protection, perhaps in the near future.

27. Cumulatively since as early as August 2007, E-Z has sold thousands of windshield banners having the trade dress features mentioned above. By virtue of the distinctive, aesthetic, non-functional nature of the foregoing trade dress features, as well as the high quality of E-Z's products and its hard work and success in selling large quantities of same, those features (alone and in combination) have come to indicate to consumers that E-Z's products come from a specific source, and to distinguish E-Z's products from those of its competitors.

28. Recently, E-Z became aware of Defendants' products through Defendants' 2008 catalog, in which it can be seen that Defendants copied and adopted E-Z's foregoing trade dress features.

29. The overall appearance of Defendants' windshield banners products and 2008 catalog for those products is confusingly similar to E-Z's trade dress. That appearance already has and is likely to continue to cause confusion among consumers (and/or to cause mistake or to deceive consumers) as to source, sponsorship, approval, or origin of Defendants' windshield banners. Those consumers potentially include auto dealers, retailers and/or end users.

30. Upon information and belief, Defendants, and those acting in concert and participation with Defendants, have passed off Defendants' windshield banners to unsuspecting consumers as the unique windshield banners of E-Z, so that those unsuspecting consumers are likely to believe that Defendants' windshield banners are made and sold by E-Z, or are affiliated or associated or connected with, or sponsored, authorized, originated, or licensed by E-Z.

31. Defendants' above-described actions have resulted in, and are likely to cause, the unlawful appropriation of E-Z's valuable goodwill and are likely to have the effect of passing off Defendants' products and promotions as those of E-Z. Defendants' acts have caused actual purchasers and users of Defendants' windshield banners to believe that Defendants' windshield banners are manufactured, sold, offered for sale, approved, sponsored, licensed, and/or endorsed by E-Z, or originate from E-Z, and that Defendants are connected or affiliated with E-Z.

32. Upon information and belief, Defendants' above-described acts have been committed willfully, with knowledge of E-Z's unique windshield banner trade dress, and with the intent of misleading or confusing actual and potential purchasers and users of Defendants' windshield banners into believing that E-Z is the source or origin of Defendants' windshield banners and that Defendants' goods are associated with, licensed, sponsored, authorized, or manufactured by E-Z, and that Defendant is affiliated with E-Z.

33. Upon information and belief, Defendants' above-described acts constitute intentional, willful and deliberate trade dress infringement and unfair competition, as well as false designation of origin, in violation of 15 U.S.C. § 1125(a), § 43(a) of the Lanham Act.

34. As a direct and proximate result of Defendants' above-described acts, E-Z has sustained and will continue to sustain substantial injury and damage to its

COMPLAINT
Civ. Action No.

8

business and reputation and to the goodwill associated with E-Z's trade dress, in an amount which cannot be presently ascertained.

35. Upon information and belief, as a direct and proximate result of Defendants' above-described wrongful acts, Defendants have unlawfully and wrongfully derived income and profits, to which they are not entitled, and have been unjustly enriched by such acts.

36. Defendants' above-described wrongful actions will continue to cause E-Z immediate and irreparable harm and damage unless enjoined by an order of this Court.

## THIRD CAUSE OF ACTION:

### (Federal Unfair Competition Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

37. E-Z realleges and incorporates by reference the allegations in Paragraphs 1 through 37, inclusive, as though set forth here in full.

38. Upon information and belief, Defendants have embarked on their above-described actions in order to unfairly trade on the creative and aesthetic designs and efforts of E-Z. Among other things, Defendants selected the particular wording "Reusable Vinyl Windshield Banners" and its aesthetic layout within Defendants' 2008 catalog, in an effort to further increase the likelihood of confusion with E-Z's unique windshield banners.

39. Defendants' actions, as alleged above, constitute false advertising, false designation of origin, palming off, false representation of fact, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, et seq. including § 1125.

40. As a direct and proximate result of Defendants' wrongful actions, E-Z has been damaged in an amount to be determined at trial, excluding interest, costs, and consequential damages. In addition, Defendants have been unjustly enriched and will continue to be unjustly enriched at E-Z's expense as a result of their

COMPLAINT
Civ. Action No.

9

unlawful actions.

41. As a further direct and proximate result of Defendants' unfair competition, E-Z will suffer and continue to suffer injury to its reputation and good will, and has no adequate remedy at law. E-Z will be irreparably harmed unless Defendants are immediately restrained and enjoined from committing such acts of unfair competition.

## FOURTH CAUSE OF ACTION

### (Common Law Trade Dress Infringement)

42. E-Z realleges and incorporates by reference the allegations in Paragraphs 1 through 42, inclusive, as though set forth here in full.

43. Defendants' above-described acts constitute infringement of E-Z's common law rights in and to its above-described trade dress. Defendants' infringement of E-Z's common law trade dress rights has diminished and devalued E-Z's reputation and the distinctiveness and the worth of E-Z's trade dress.

44. Defendants' continuing trade dress infringement is likely to further diminish and devalue E-Z's reputation and the distinctiveness and the worth of E-Z's above-described trade dress, and will thereby cause immediate and irreparable harm and damage to E-Z unless enjoined by this Court.

45. Upon information and belief, Defendants have committed the above-described actions for the purpose of oppressing E-Z and in conscious disregard of E-Z's trade dress rights. In performing the above-described acts, upon E-Z's best knowledge and information, Defendants have acted deceitfully, deliberately, and willfully, by misrepresenting to the public the true source of origin of Defendants' windshield banners for the purposes of depriving E-Z of rights to its trade dress, misleading the public and diverting sales from E-Z to Defendants. Defendants are thereby wrongfully benefiting from, and unjustly enriched by such acts, and are depriving E-Z of income that E-Z would otherwise have received from sales of its

windshield banners. E-Z is therefore entitled to recover punitive and exemplary damages from Defendants.

46. As a direct and proximate result of Defendants' actions: (a) E-Z has sustained and will continue to sustain substantial injury and damage to its property rights, and has sustained and will continue to sustain substantial injury to its business, reputation and public goodwill, in an amount which cannot be presently ascertained; and (b) Defendants have been unjustly enriched.

47. Defendants' above-described wrongful acts will continue to cause E-Z immediate and irreparable harm, injury and damage unless Defendants are enjoined by an order of this Court.

## FIFTH CAUSE OF ACTION

### (California Unfair Competition Under California Business and Professions Code § 17200 et seq. and Common Law)

48. E-Z realleges and incorporates by reference the allegations in Paragraphs 1 through 48, inclusive, as though set forth here in full.

49. Defendants' actions as alleged above, constitute unfair competition under California Business and Professions Code § 17200 et seq. and common law, as they constitute unlawful, unfair and fraudulent acts or practices that are likely to deceive the public as to the origin of their infringing products and the relationship between E-Z and Defendants, among other things.

50. By reason of the foregoing, E-Z asserts a claim against Defendants for damages, injunctive relief, costs, and attorneys' fees for unfair competition under the California Business and Professions Code § 17200 et seq.

WHEREFORE, E-Z prays for judgment against Defendants as set forth below.

COMPLAINT
Civ. Action No.

11

**PRAYER**

WHEREFORE, Plaintiff E-Z prays as follows:

A.   That Defendants be found to have infringed E-Z's trade dress, which acts damaged E-Z.

B.   That Defendants be found to have infringed E-Z's copyrights, which acts damaged E-Z.

C.   That Defendants be found to have unfairly competed with E-Z, which acts damaged E-Z.

D.   That Defendants be found to have committed unfair and deceptive trade practices, which acts damaged E-Z.

E.   That Defendant be found to have breached its duties to E-Z under their existing business relationship, which acts damaged E-Z.

F.   That preliminary and permanent injunctions issue restraining and enjoining Defendants and their officers, agents, attorneys, directors, servants, employees, successors and assigns and all others acting in privity or in concert with them, from any acts which constitute: (1) direct, induced, and/or contributory infringement of E-Z's trade dress; (2) unfair and deceptive trade practices; (3) using any features which create a likelihood of confusion with respect to Plaintiff's trade dress rights; (4) otherwise unfairly competing with E-Z; and (5) direct, induced, and/or contributory infringement of E-Z's copyrighted materials.

G.   That Defendants be ordered to pay to E-Z damages resulting from Defendants' foregoing infringement and/or unfair competition, including lost profits on lost sales, lost profits on actual sales, lost profits on convoyed sales, loss of future revenues, and prejudgment interest.

H.   That Defendants be required to account for and pay to E-Z Defendants' profits resulting from Defendants' foregoing infringement, unfair

COMPLAINT
Civ. Action No.

12

competition, false designation of origin, and/or unfair and deceptive trade practices, together with interest and costs.

I.  That the Court hold that Defendants' acts were intentional, willful, and/or with full knowledge of E-Z's rights, and award E-Z enhanced damages under 15 U.S.C. §1117, in an amount sufficient to punish, deter, and make an example of Defendant.

J.  That the Court award to E-Z its costs of filing and prosecuting this action, pursuant to 15 U.S.C. §1117.

K.  That the Court hold that this is an exceptional case and order Defendants to pay E-Z's reasonable attorneys' fees, pursuant to 15 U.S.C. §1117.

L.  That Defendants be ordered to surrender for destruction all products, labels, advertisements, packaging, and other materials utilizing or embodying or otherwise infringing E-Z's trade dress, under 15 U.S.C. § 1118.

M.  That the Court award to E-Z all relief available under California law, including an award of damages, injunctive relief, costs and attorneys' fees for Defendants' unfair competition, as set forth above.

N.  That the Court hold that Defendant's acts infringed E-Z's copyrights, that those acts damaged Plaintiff, and that Defendant be enjoined from further such infringement and ordered to pay to E-Z damages, attorneys fees, costs, and any other relief that may be appropriate based on that infringement.

O.  That a permanent injunction issue restraining and enjoining Defendants and its officers, agents, attorneys, directors, employees and those otherwise acting in privity or in concert with Defendants, from any acts which constitute direct, induced, and/or contributory infringement of E-Z's copyrights.

P.  That the Court enjoin and restrain Defendants from causing the irreparable injury that cannot fully be compensated or measured in money (as E-Z has no adequate remedy at law), pursuant to 17 U.S.C. §§ 502 and 503.

COMPLAINT
Civ. Action No.

13

Q.  That Defendants be ordered to account for and to pay to E-Z damages resulting from their copyright infringement, including lost profits on lost sales, lost profits on actual sales, lost profits on convoyed sales, loss of future revenues, and prejudgment interest.

R.  That the Court award statutory damages pursuant to 17 U.S.C. § 504(c).

S.  That the Court hold that this is an exceptional case and order Defendants to pay E-Z's reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

T.  That the Court award damages to E-Z in an amount proved at trial for the damages as set forth above.

U.  That the Court award to E-Z such other and further relief as the Court may deem necessary, just, and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demand is hereby made for trial by jury on all issues triable to a jury.

Respectfully submitted,

Dated:   4.4.08

*Lynne M.J. Boisineau*
Lynne M.J. Boisineau
**J. MARK HOLLAND & ASSOCIATES**
Attorneys for PLAINTIFF E-Z
LETTERING SERVICE

\\Big10\z\WinWord\EZLET\G3651\Complaint.doc

**COMPLAINT**
Civ. Action No.                                                                      14