1  MARK L. KIEFER, ESQ., Bar #116633
2  ROBERT M. PINE, ESQ. Bar #128999
   ERICKSEN, ARBUTHNOT, KILDUFF, DAY
3     & LINDSTROM, INC.
   835 Wilshire Boulevard, Suite 500
4  Los Angeles, California 90017-2603
   (213) 489-4411
5  (213) 489-4332 Fax

6  Attorneys for Defendant NATIONWIDE PENNANT AND FLAG
   MANUFACTURING, INC.

7

8
                UNITED STATES DISTRICT COURT
9
              CENTRAL DISTRICT OF CALIFORNIA
10
                   SOUTHERN DIVISION
11

12

13 E-Z LETTERING SERVICE a          ) CASE NO.: SACV08-00368 JVS
   California partnership,          ) (RNBx)
14                                  )
                    Plaintiff,      ) **DEFENDANT NATIONWIDE**
15                                  ) **PENNANT AND FLAG**
          v.                        ) **MANUFACTURING, INC.'S**
16                                  ) **MOTION TO DISMISS**
   NATIONWIDE PENNANT AND           ) **PLAINTIFF'S FIRST AMENDED**
17 FLAG MANUFACTURING, INC., a      ) **COMPLAINT FOR LACK OF**
   Texas corporation; and DOES 1    ) **SUBJECT MATTER, PERSONAL**
18 THROUGH 5, inclusive,            ) **JURISDICTION AND DUE TO**
                                    ) **IMPROPER VENUE PURSUANT**
19                  Defendant.      ) **TO FED. R. CIV. P. 12(b) (1)**
                                    ) **THROUGH (3); MEMORANDUM**
20                                  ) **OF LAW IN SUPPORT THEREIN;**
                                    ) **DECLARATIONS OF RICK**
21                                  ) **SUTTON AND MARK KIEFER**
                                    )
22                                  ) DATE:  October 6, 2008
                                    ) TIME:  1:30 p.m.
23                                  ) COURTROOM: 10-C
                                    )
24                                  ) [Assigned to Hon. James V. Selna]
                                    )
25 ─────────────────────────────────

26    **TO  ALL  PARTIES  HEREIN  AND  THEIR  RESPECTIVE**

27 **COUNSEL OF RECORD:**

28 / / /

─────────────────────────────────────────────────
                            1
DEFENDANT NATIONWIDE PENNANT AND FLAG MANUFACTURING, INC.'S MOTION TO
                          DISMISS

COMES NOW, Defendant, NATIONWIDE PENNANT AND FLAG MANUFACTURING, INC., and hereby moves this Court for an Order dismissing the Complaint in its entirety for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b) based on the following facts:

(1)   The amount in controversy does not meet the minimum threshold of $75,000.00, and, as such, there is no general subject matter jurisdiction, per Federal Rule of Civil Procedure 12(b) (1);

(2)   E-Z Lettering Service's copyright registration is still pending, and therefore there is no general subject matter jurisdiction, per Federal Rule of Civil Procedure 12(b) (1);

(3)   Nationwide does not have minimum contacts with the state of California such that they should be forced to litigate in this jurisdiction, pursuant to Federal Rule of Civil Procedure 12 (b) (2);

(4)   This district is an improper or incorrect venue for this matter pursuant to Federal Rule of Civil Procedure 12 (b) (3).

This memorandum of law, along with the accompanying Declarations of Rick Sutton (of Nationwide Pennant and Flag Manufacturing, Inc.) and Mark Kiefer (counsel for Nationwide Pennant and Flag Manufacturing, Inc.), is filed in support of the Defendant's Federal Rule of Civil Procedure 12(b) Motion to Dismiss.

DATED:  September 5, 2008

ERICKSEN, ARBUTHNOT, KILDUFF, DAY & LINDSTROM

By:   _____
MARK L. KIEFER, ESQ.
ROBERT M. PINE, ESQ.
Attorneys for Defendant NATIONWIDE
PENNANT AND FLAG MANUFACTURING,
INC.

DEFENDANT NATIONWIDE PENNANT AND FLAG MANUFACTURING, INC.'S MOTION TO
DISMISS

# TABLE OF CONTENTS

Page(s)

I. Nature and Stage of proceedings ........................................................... 1

II. Introduction and Summary of the Argument ........................................ 1

III. ARGUMENT ........................................................................................ 4

    A.    There is no subject matter jurisdiction based on the
            amount in controversy ............................................................. 4

    B.    As E-Z's copyright registration is still pending, the
            Motion to Dismiss must be granted ......................................... 4

    C.    There is no Personal Jurisdiction over Defendant as it did
            not have minimum Contacts with the State of
            California ................................................................................. 6

    D.    Venue is improper as the events upon which the claim is
            based did not occur in this venue. ......................................... 16

IV. CONCLUSION ................................................................................... 18

DEFENDANT NATIONWIDE PENNANT AND FLAG MANUFACTURING, INC.'S MOTION TO
DISMISS

# TABLE OF AUTHORITIES

**Cases**

Aanestad v. Beech Aircraft Corp., (9th Cir. 1974) 521 F2d 1298...................................7

Bensusan Restaurant Corp. v. King (S.D.N.Y. 1996) 937 F. Supp. 295, 65 USLW 2207...............................................................................................................14, 17

Boschetto v. Hansing (9th Cir. 2008) --- F.3d ----, 2008 WL 3852676 , 08 Cal. Daily Op. Serv. 10,937.................................................................................................10

Brand v. Menlove Dodge (9th Cir. 1986) 796 F2d 1070..............................................14

Brush Creek Media, Inc. v. Boujaklian (N.D.Cal.2002) 2002 WL 1906620.................6

Burger King Corp. v. Rudzewicz (1985) 471 US 462, 105 S.Ct. 2174

.......................................................................................................................13, 14,17

Burnham v. Sup. Ct. (1990) 495 US 604, 110 S.Ct. 2105 ............................................7

Cable/Home Communication Corp. v. Network Productions, Inc. (11th Cir. 1990) 902 F2d 829. ..................................................................................................11

Calder v. Jones (1984) 465 U.S. 783, 104 S.Ct. 1482..................................................8

Commodity Trend Services, Inc. v. Commodity Futures Trading Comm'n (7th Cir 1998) 149 F3d 679...................................................................................9

Congoleum Corp. v. DLW Aktienesellschaff (9th Cir. 1984) 729 F2d 1240 ..............10

Cornelison v. Chaney (1976) 16 C3d 143, 127 Cal.Rptr. 352 .....................................10

Cubbage v. Merchent (9th Cir. 1984) 744 F2d 665......................................................10

Darby v. Compagnie Nationale Air France (S.D.N.Y. 1991) 769 F. Supp. 1255 ...........................................................................................................................14

DeSantis v. Hafner Creations (E.D. Va. 1996) 949 F. Supp. 419, 41 U.S.P.Q.2d 1931 ..................................................................................... 11-14, 18

Edberg v. Neogen Corp. (D. Conn. 1998) 17 F. Supp. 2d 104 .........................15-16

Forsythe v. Overmyer (9th Cir. 1978) 576 F.2d 779, cert. denied 439 U.S. 864, 99 S.Ct. 188 ................................................................................................10

Gafford v. General Electric Co. (6th Cir. 1993) 997 F2d 150......................................4

GTE New Media Services Inc. v. BellSouth Corp. (DC Cir. 2000) 199 F.3d 1343 ...........................................................................................................................18

Haisten v. Grass Valley Medical Reimbursement Fund, Ltd. (9th Cir. 1986) 784 F.2d 1392, 54 USLW 2485 ..........................................................................13

Helicopteros Nacionales de Colombia, S.A. v. Hall (1984) 466 US 408, 104 S.Ct. 1868 ........................................................................................................13

ii

Insurance Corp. of Ireland, LTD. V. Compagnie des Bauxites de Guinee (1982) 456 US 694, 102 S.Ct. 2099. ........................................................7

International Shoe Co. v. Washington (1945) 326 U.S. 310, 66 S.Ct. 154...............8, 1

Kendall v. Overseas Develop. Corp. (9ᵗʰ Cir. Idaho 1983) 700 F2d 536 .....................8

Kokkonen v. Guardian Life Ins. Co. of Am. (1994)511 U.S. 375, 114 S.Ct. 1673 ......................................................................................................7-8

Loree Rodkin Management Corp., v. Ross-Simons, Inc, (C.D.Cal. 2007) 315 F.Supp.2d 1053, 2004 Copr.L.Dec. P 28,793, 70 U.S.P.Q.2d 1732......................5

Mareno v. Rowe  (2d Cir. NY 1990) 910 F.2d 1043, 17 Fed.R.Serv.3d 936 ............. 17

Mattel, Inc. v. Anderson (S.D.N.Y. 2005) 2005 U.S. Dist. LEXIS 14404; 2005 WL 1690528.................................................................... 11-12, 18

Millennium Enters. v. Millennium Music (D.Ore. 1999) 33 F. Supp. 2d 907, 911 ...................................................................................................... 12

Mink v. AAAA Development, LLC (5ᵗʰ Cir. 1999) 190 F3d 333 .............................. 18

Panavision Int.'l, L.P. v. Toeppen (9ᵗʰ Cir. 1998) 141 F3d 1316................................ 17

Pennoyer v. Neff (1877) 95 US 714 ..............................................................7

Railcar, Ltd. v. Southern Ill. Railcar Co. (ND GA 1999) 42 F. Supp. 2d 1369.......... 10

Rano v. Sipa Press, Inc. (9ᵗʰ Cir. 1993) 987 F.2d 580, 588, 26 U.S.P.Q.2d 1051 ...................................................................................................... 11

Republic of Panama v. BCCI Holdings (Luxembourg) S. A. (11ᵗʰ Cir. 1997) 119 F.3d 935..................................................................................6

Rio Properties, Inc. v. Rio Int'l Interlink (9ᵗʰ Cir. 2002) 284 F.3d 1007, 52 Fed.R.Serv.3d 239 ..........................................................................9

Roberts v. Corrothers (9ᵗʰ Cir 1987) 812 F.2d 1173.........................................9

Rocke v. Canadian Auto. Sport Club (9ᵗʰ Cir. 1981) 660 F.2d 395 ..........................8

Rodriguez v. Panayiotou, 314 F.3d 979 (9th Cir.2002) ......................................7

Roth v. Marquez (9ᵗʰ Cir. 1991) 942 F.2d 617 ............................................. 13

Saint Paul Mercury Indem. Co. v. Red Cab Co. (1938) 303 U.S. 283, 58 S.Ct. 586 ......................................................................................4

Savage v. Glendale Union High School (9ᵗʰ Cir. 2003) 343 F.3d 1036......................9

Sinclair v. Spatocco (9ᵗʰ Cir. 1971) 452 F.2d 1213 ..........................................9

Stewart v. Vista (S.D.N.Y. 2000) 56 U.S.P.Q.2d 1842............................ 12, 14, 16

Stock West Inc. v. Confederated Tribes of the Colville Reservation (9ᵗʰ Cir. Wash. 1989) 873 F.2d 1221. ..............................................................8

iii

Tosco Corp. v. Communities for a Better Environment (9th Cir.2001) 236 F.3d 495 .................................................................................................... 7

United Bank of Kuwait, PLC v. James M. Bridges, Ltd. (S.D.N.Y. 1991) 766 F. Supp. 113 ................................................................................................ 17

Vons Companies, Inc. v. Seabest Foods, Inc. (1996) 14 Cal. 4th 434, 926 P.2d 1085 ................................................................................................... 8

White v. Lee, 227 F.3d 1214 (9th Cir.2000) ....................................................... 7

World-Wide Volkswagen Corp. v. Woodson (1980) 444 US 286, 100 S.Ct. 580 ........................................................................................................... 8

Statutes
15 U.S.C. 1125 ................................................................................................... 1
17 U.S.C. § 102 .................................................................................................. 1
17 U.S.C. § 408 .................................................................................................. 5
17 U.S.C. § 410 .................................................................................................. 5
17 U.S.C. § 411 ............................................................................................. 1, 5
28 U.S.C. § 1331 ............................................................................................... 4
28 U.S.C. § 1338 ............................................................................................... 4
28 U.S.C. § 1391 ........................................................................................ 4, 17
California Bus. & Prof. Code §17200 ............................................................... 1
California Bus. & Prof. Code §17500 ............................................................... 1
California Code of Civil Procedure Section 410.10 .......................................... 7
New York Civil Practice Law & Rules 302(a)(i) ........................................... 11

Federal Rules of Civil Procedure
Federal Rule of Civil Procedure 4 ..................................................................... 7
Federal Rule of Civil Procedure 12(b) ...................................................... passim

Constitutional Provisions
Due Process Clause ............................................................................................ 3

DEFENDANT NATIONWIDE PENNANT AND FLAG MANUFACTURING, INC.'S MOTION TO DISMISS

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NATIONWIDE IMPORTS. INC.'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER, PERSONAL JURISDICTION AND DUE TO IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(b) (1) THROUGH (3)</u>

### I.      <u>Nature and Stage of proceedings</u>

On July 7, 2008, Plaintiff E-Z LETTERING SERVICE (hereinafter "E-Z") filed a First Amended Complaint against Defendant NATIONWIDE PENNANT AND FLAG MANUFACTURING, INC., a Texas corporation (hereinafter "Nationwide").    The First Amended Complaint alleges Copyright Infringement (17 U.S.C. § 102), Trade Dress Infringement (Section 43(a), Lanham Act, 15 U.S.C. § 1125(a)), Federal Unfair Competition (Section 43(a), Lanham Act, 15 U.S.C. § 1125(a)), Common Law Trade Dress Infringement, California Unfair Competition (Business & Professions Code § 17200 et seq.), and California False Advertising (Business & Professions Code § 17500 et seq.).   In essence, Plaintiff contends that Defendant infringed upon Plaintiff's copyrighted and/or patent pending **reusable vinyl windshield banner**.

### II.      <u>Introduction and Summary of the Argument</u>

The Complaint against Nationwide should be dismissed pursuant to Federal Rule of Civil Procedure 12(b) (1) as the Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000 as is required.   In addition, the Court lacks subject matter jurisdiction because the plaintiff failed to complete the registration of the copyright claim prior to filing suit as required by 17 U.S.C. § 411(a).

The court also lacks personal jurisdiction over Nationwide as Nationwide has no minimum contacts with the State of California pursuant to <u>Fed. R. Civ. P.</u> 12 (b) (2) and, finally, the complaint should be dismissed due to lack of proper venue pursuant to <u>Fed R. Civ. P.</u> 12 (b) (3).

In its Complaint, E-Z asserts that jurisdiction is proper as the amount in controversy exceeds $75,000.00.    However, Nationwide sold exactly $135.96 worth of reusable vinyl windshield banners, all twelve of those being sold only to Plaintiff E-Z (presumably at the direction of its counsel); (Rick Sutton Decl. § 8.).  As the Court will see from the invoice, attached to the Sutton Declaration as Exhibit "A," the twelve banners were ordered on 02/18/08.  Three said, "Over 30+ MPG."  Three said, "Pre-Owned."  Three said, "Sale."  Three said "Nicely equipped."  They were shipped 02/-21/08 to E-Z (presumably at the direction of its counsel).  As such, even if one includes statutory penalties, treble damages, punitive damages, reasonable investigative and attorneys' fees, the amount in controversy could not exceed $75,000.00.  As such, jurisdiction is patently improper on its face.

In its First Amended Complaint, E-Z merely alleges that it "has applied for VA registrations related to..." its "windshield banner advertisements as well as the design of the of the windshield banners it produces...." However, at this point the copyright registration is merely pending, not issued, which requires dismissal of the instant suit.

Nationwide is a privately-owned Texas corporation, having its principal place of business in San Antonio, Texas.  (Rick Sutton Decl. § 2.) Nationwide is in the business of manufacturing and selling reusable vinyl banners for car windshields via the internet.

Nationwide has no presence in California.  Nationwide has neither an office nor employees in California, nor does it own or lease any real property, warehouses or any plant in the state.  (Rick Sutton Decl. §§ 4 to 5.)  It does not have a bank account or a telephone listing in California. (Rick Sutton Decl. § 5.)  This has always been and continues to be the case. Nationwide made one sale of reusable vinyl banners for car windshields via its website to anyone in California, which sale was to E-Z (presumably at the direction of its counsel). (Rick Sutton Decl. §§ 5 & 6)  Nationwide does not

1    have the minimum contacts with the State of California required to impose
2    jurisdiction on it in this state or to deem this state the proper venue for this
3    litigation.

4    Plaintiff alleges in paragraph 7 of its First Amended Complaint
5    that venue is proper because:

6    "...a substantial part of the relevant events occurred in this
7    District, and because a substantial part of the property that is the
8    subject of this action is situated here."

9    However, clearly, based on the declaration of Mr. Sutton, this is not the case.
10   The only "substantial" thing situated in this District is Plaintiff E-Z. Further,
11   as indicated above, Nationwide has made only one sale of reusable vinyl
12   banners for car windshields in California via the subject website and that
13   was to Plaintiff E-Z (presumably at the direction of its counsel). (Rick
14   Sutton Decl. § 8.)

15   As such, clearly, the products which are the subject this litigation
16   were not sold in this District. The one purchase in this District was the one
17   orchestrated by Plaintiff's counsel for the sole purpose of gaining
18   jurisdiction and/or venue in this District.

19   Based on the above, there is no subject matter or personal jurisdiction
20   of this case nor is this case properly venued in this district and it should be
21   dismissed in its entirety.

22   Nationwide's activities do not constitute facts which comport with the
23   jurisdictional requirements of Federal Rule of Civil Procedure 12 (b) (1), (2) or
24   (3) or the Due Process Clause of the United States Constitution. Accordingly,
25   lack of subject matter and personal jurisdiction as well as improper venue
26   warrants dismissal of this action pursuant to Federal Rule of Civil Procedure
27   12(b)(1), (2) and (3).

28   / / /

# III.   ARGUMENT

### A.   There is no subject matter jurisdiction based on the amount in controversy.

Although Plaintiff has alleged that, on the basis of 28 U.S.C. §§ 1331 and 1338 (a), jurisdiction of this matter is conferred via federal question, and for patent/copyright matters, it has also stated that jurisdiction rests on diversity (28 U.S.C. § 1391 (b)) and on the amount in controversy. Federal Rule of Civil Procedure 12 (b) (1) requires that the amount in controversy exceed $75,000.00.  In diversity cases originally filed in federal court, where the defendant seeks a dismissal because the amount in controversy does not meet the jurisdictional requirements, the defendant must establish that it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." Saint Paul Mercury Indem. Co. v. Red Cab Co. (1938) 303 U.S. 283, 289, 58 S.Ct. 586 . The burden then shifts to Plaintiff to meet its burden of proof that it does not appear to a legal certainty that this claim is for less than the jurisdictional amount.  Gafford v. General Electric Co. (6th Cir. 1993) 997 F2d 150,157.

Nationwide has made exactly one sale of reusable vinyl windshield banners to California from its website in the exact amount of $135.96, which sale was to Plaintiff (presumably at the direction of its counsel).  As such, even if any and all applicable statutory penalties, reasonable attorneys' and investigative fees' and treble and punitive damages, if any, are applied, the amount in controversy does not exceed $75,000.00.

### B.   As E-Z's copyright registration is still pending, the Motion to Dismiss must be granted

In its First Amended Complaint, paragraph 23, E-Z merely alleges that it "has applied for VA registrations related to..." its "windshield banner advertisements as well as the design of the of the windshield banners it produces...." However, at this point the copyright registration is merely

pending, not issued. Attached as Exhibit "B" to the Declaration of Mark L. Kiefer is an up-to-date copy of the Copyright Catalog (1978 to present) of the United States Copyright Office search results for E-Z Lettering. The last listing of the search is for a 2005 Catalog. In paragraph 30 of the First Amended Complaint, plaintiff alleges that "Since as early as August, 2007, E-Z has produced and sold windshield banners...."

In a Motion to Dismiss that was granted by Judge William John Rea of the Central District in <u>Loree Rodkin Management Corp., v. Ross-Simons, Inc,</u> (C.D.Cal. 2007) 315 F.Supp.2d 1053, 2004 Copr.L.Dec. P 28,793, 70 U.S.P.Q.2d 1732, the question presented was:

> "Defendant's motion raises a single legal issue: can a plaintiff bring a copyright suit while plaintiff's application for copyright registration is pending before the Copyright Office? ....
> Because the Court agrees with the second set of cases that the plain language of the Copyright Act unambiguously mandates the actual issuance of a registration certificate before a copyright action is brought, the Court grants Defendant's motion to dismiss, without prejudice."

After a thorough review of other cases on point, Judge Rea concluded at 1056-1057 that:

> "The Court is convinced that construing § 411(a)'s prior registration requirement consistently with its plain language and that of the other portions of the Copyright Act unavoidably leads to the conclusion that a federal district court lacks subject matter jurisdiction over a copyright claim if the certificate of registration is yet to be issued. The language of sections 410(a), 410(d), 411(a) and 408(a), if read harmoniously and coherently, mandates this holding.  The Court shares the sentiments of the

Ryan court that, while this is an 'inefficient and peculiar result,' [Ryan v. Carl Corp., 1998 WL 320817, *1 (N.D.Cal.1998)]*3, 'the Court is not free to redraft statutes to make them more sensible or just.' Id.; see also Brush Creek Media [, Inc. v. Boujaklian, 2002 WL 1906620 (N.D.Cal.2002)] at *4. Accordingly, the Court grants Defendant's motion to dismiss without prejudice." [footnotes omitted]

In similar fashion in the instant case, since E-Z has only alleged that it has applied for copyright registration that has not yet been issued, the Motion to Dismiss for lack of subject matter jurisdiction must be granted as to the First Amended Complaint.

## C.    There is no personal jurisdiction over Defendant as it does not have minimum contacts with the State of California.

Even if general jurisdiction exists pursuant to a federal statute, diversity or amount in controversy, Personal Jurisdiction, subject to due process limitations, must also exist as to the defendant, even if plaintiff asserts nationwide service of process provisions.    Republic of Panama v. BCCI Holdings (Luxembourg) S. A. (11th Cir. 1997) 119 F3d 935, 945.    If the traditional bases of personal jurisdiction do not exist, i.e., there is no consent, domicile or physical presence of the defendant in the state, the exercise of personal judgment over that defendant must be based on its minimum contacts with the forum state.    As Defendant is not domiciled in California, it did not consent to be sued here and it is not physically present in the state of California, Plaintiff needs to prove that it had minimum contacts with the state of California and this it can not do.

Personal jurisdiction refers to whether the court has power over the person of the party such that it can command defendant's personal obedience to a judgment or imposes obligations on defendant personally, which

obligations will be enforced by other courts. Burnham v. Sup. Ct. (1990) 495 US 604, 609-610, 110 S.Ct. 2105. As the subject case is one in which Plaintiff wishes to obtain injunctive relief as well as a monetary judgment as against defendant personally, *in personam* jurisdiction is required. Pennoyer v. Neff (1877) 95 US 714, 720-722; Insurance Corp. of Ireland, LTD. V. Compagnie des Bauxites de Guinee (1982) 456 US 694, 711, 102 S.Ct. 2099.

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute: "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am. (1994) 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391(internal citations omitted); see, also, Tosco Corp. v. Communities for a Better Environment(9th Cir. 2001) 236 F.3d 495, 499 (plaintiff bears the burden of proving subject matter jurisdiction).

A motion to dismiss on jurisdictional grounds can be "either facial or factual." White v. Lee (9th Cir. 2000) 227 F.3d 1214, 1242. In a facial attack, a court must "take all of the allegations of material fact stated in the complaint as true and construe them in the light most favorable to the nonmoving party." See Rodriguez v. Panayiotou (9th Cir. 2002) 314 F.3d 979, 983. In a factual challenge, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment ··· It also need not presume the truthfulness of the plaintiffs' allegations." White, supra, 227 F.3d at 1243.

Personal jurisdiction is determined by the law of the state in which the court sits. See, Aanestad v. Beech Aircraft Corp., (9th Cir. 1974) 521 F2d 1298, 1300; See, Federal Rule of Civil Procedure 4 (k) (1) (A). California Code of Civil Procedure Sect ion 410.10 aut horizes California Courts to "exercise jurisdiction on any basis not inconsistent with the Constitution of

1   this State or of the United States."   See, also, <u>Vons Companies, Inc. v.</u>
2   <u>Seabest Foods, Inc.</u> (1996) 14 Cal. 4th 434,444-445, 926 P.2d 1085.   The
3   federal court is bound in its interpretation of a state's long arm statute by the
4   construction given that statute by the highest court in that state.   See,
5   <u>Kendall v. Overseas Develop. Corp.</u> (9th Cir. Idaho 1983) 700 F2d 536, 538.

6   Under California law, the Court must determine whether the assertion
7   of personal jurisdiction over defendant violates the Due Process Clause
8   pursuant to <u>International Shoe Co. v. Washington</u> (1945) 326 U.S. 310, 66
9   S.Ct. 154 , and its progeny.   <u>Rocke v. Canadian Auto. Sport Club</u> (9th Cir.
10   1981) 660 F2d 395, 398.   The purpose of requiring that the defendant have
11   minimum contacts with the forum state is to protect the defendant from
12   having to litigate in a distant or inconvenient forum and to prevent states
13   from reaching beyond the limits of their sovereignty.   <u>World-Wide</u>
14   <u>Volkswagen Corp. v. Woodson</u> (1980) 444 US 286, 291, 100 S.Ct. 580.

15   In <u>Calder v. Jones</u> (1984) 465 U.S. 783, 104 S.Ct. 1482 the court held
16   that:

17   "The Due Process Clause of the Fourteenth Amendment to the
18   United States Constitution permits personal jurisdiction over a
19   defendant in any State with which the defendant has 'certain
20   minimum contacts...such that the maintenance of the suit does
21   not offend "traditional notions of fair play and substantial
22   justice."

23   Further, the court stated that the focus should be on the relationship among
24   the defendant, the forum, and the litigation.

25   Since this 12(b) Motion has been brought prior to discovery or an
26   evidentiary hearing, Plaintiff bears the burden of making a *prima facie*
27   showing that jurisdiction exists. See <u>Kokkonen</u>, supra; <u>Stock West Inc. v.</u>
28   <u>Confederated Tribes of the Colville Reservation</u> (9th Cir. Wash. 1989) 873
   F2d 1221, 1225.

1   Plaintiff cannot simply put forth an unsupported allegation that personal
2   jurisdiction exists, but must be able to plead legally sufficient factual
3   allegations of jurisdiction in accordance with Rule 11's good faith
4   requirement in order to defeat the Motion.  The Plaintiff is not accorded a
5   presumption of truthfulness of its allegations once defendant provides
6   evidence that the issue of whether there is personal jurisdiction exists.
7   Commodity Trend Services, Inc. v. Commodity Futures Trading Comm'n
8   (7th Cir 1998) 149 F3d 679, 685.  Plaintiff must provide affidavits or other
9   evidence necessary to satisfy its burden of establishing subject matter
10  jurisdiction and the amount in controversy as well as the minimum contacts
11  between defendant and the forum state. See, Savage v. Glendale Union High
12  School (9th Cir. 2003) 343 F3d 1036, 1039 fn.2; See, also, Sinclair v.
13  Spatocco (9th Cir. 1971) 452 F2d 1213; Rio Properties, Inc. v. Rio Int'l
14  Interlink (9th Cir. 2002) 284 F3d 1007, 1019, 52 Fed.R.Serv.3d 239.
15  Further, the court may consider extrinsic evidence and may weigh the
16  evidence and determine facts if the evidence is disputed.  See, Roberts v.
17  Corrothers (9th Cir 1987) 812 F2d 1173, 117.

18  Nationwide has not engaged in such a continuous and systematic
19  course of doing business in California as to warrant a finding that it is
20  present in the jurisdiction.   Nationwide does not solicit business in
21  California; it does not possess any bank accounts in California; it does not
22  own or lease any property in California; and it does not have any employees
23  in the state.  (Rick Sutton Decl. §§ 3-5.)  While the Complaint alleges
24  Nationwide has distributed, offered for distribution and sold the infringing
25  products in this district, Nationwide has actually made only one sale in
26  California of reusable vinyl windshield banners through its website, which
27  was to Plaintiff E-Z (presumably at the direction of its counsel).  (Rick
28  Sutton Decl. § 8.)

Nationwide did not initiate the single transaction in the State of

California. Rather, that transaction was presumably orchestrated by Plaintiff's counsel as Plaintiff E-Z made a purchase of some of the subject product from Nationwide's Internet website, (Rick Sutton Decl. § 8.) This unsolicited, single sale is hardly the type of continuous and systematic course of doing business required for personal jurisdiction. Instead, it was an attempt by Plaintiff to manufacture personal jurisdiction.

The courts have held that, standing alone, local advertising is not enough to subject a nonresident to general personal jurisdiction. Cubbage v. Merchent (9th Cir. 1984) 744 F2d 665, 668-669 and Forsythe v. Overmyer (9th Cir. 1978) 576 F.2d 779, 782, cert. denied 439 U.S. 864, 99 S.Ct. 188, Additionally, neither local sales through an independent, non-exclusive sales representative; local, irregular deliveries into California by an out of state trucker licensed by a California governmental agency nor even payment of property tax in California were deemed by the Courts as constituting sufficient minimum contacts. See, Congoleum Corp. v. DLW Aktienesellschaff (9th Cir. 1984) 729 F2d 1240; Cornelison v. Chaney (1976) 16 C3d 143, 147, 127 Cal.Rptr. 352; and Railcar, Ltd. V. Southern Ill. Railcar Co. (ND GA 1999) 42 F. Supp. 2d 1369, 1380. The Ninth Circuit recently concluded in Boschetto v. Hansing (9th Cir. 2008) --- F.3d ----, 2008 WL 3852676 at *7, 08 Cal. Daily Op. Serv. 10,937 that: "The sale of one automobile via the eBay website, without more, does not provide sufficient 'minimum contacts' to establish jurisdiction over a nonresident defendant in the forum state." Clearly, Nationwide's one sale to Plaintiff in California of from its website does not even rise to the level of those minimum contacts in cases already rejected by the court as instances where the minimum contacts were insufficient to find jurisdiction.

As such, Plaintiff has not made the required *prima facie* showing that Nationwide is subject to personal jurisdiction under Federal Rule of Civil

Procedure 12 (b) (2).  See, DeSantis v. Hafner Creations[1] (E.D. Va. 1996) 949 F. Supp. 419 41 U.S.P.Q.2d 1931 (the defendant did not "transact business" in forum state when the only sale in that forum was orchestrated by a paralegal employed by plaintiff's counsel).  Nationwide does not "do business" in California in a continuous and systematic manner as to warrant a finding of its presence in the jurisdiction.  Therefore, this Court does not have jurisdiction over Nationwide and the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

Plaintiff's factual allegations fail to establish that California has personal jurisdiction over Nationwide.  Nationwide does not transact business within the State of California.  Merely because the alleged infringing product may be displayed for profit over the internet in California does not constitute "purposeful availment" of this state.  Rano v. Sipa Press, Inc. (9th Cir. 1993) 987 F2d 580, 588, 26 U.S.P.Q.2d 1051.  As Nationwide believed, and still believes, it did not knowingly cause an effect in the forum state.  Cable/Home Communication Corp. v. Network Productions, Inc. (11th Cir. 1990) 902 F2d 829, 858.

In Mattel, Inc. v. Anderson (S.D.N.Y. 2005) 2005 U.S. Dist. LEXIS 14404; 2005 WL 1690528 , the court explicitly held that defendant's single sale to plaintiff's investigator in New York did not confer personal jurisdiction under N.Y. Civil Practice Law & Rules §302(a)(1) because it was "'nothing more than an attempt by plaintiff to manufacture a contact with this forum . . . . Defendant cannot be said to have purposefully availed [itself] of the protections of this forum when it was an act of someone associated with plaintiff, rather than [its] web site advertising, that brought

---

[1] While DeSantis involved the applicability of the Virginia long arm statute (See Ex. B), the court's reasoning that a single sale orchestrated by plaintiff's counsel is insufficient to confer jurisdiction over a non-resident defendant is applicable to the question of whether jurisdiction exists over Defendant Nationwide since Virginia's long arm statute tracks California's long arm statute.

[its] products into this forum.'"   2005 U.S. Dist. LEXIS 14404 at *7 (quoting <u>Millennium Enters. v. Millennium Music</u> (D.Ore. 1999) 33 F. Supp. 2d 907, 911).   As the Court noted in <u>Stewart v. Vista</u> (S.D.N.Y. 2000) 56 U.S.P.Q.2d 1842, 1845, plaintiff's ordering an accused product in California is a contact initiated by the plaintiff, not the defendant; unilateral acts of the plaintiff cannot translate into the defendant <u>deliberately availing</u> itself of the forum.

Further, in <u>DeSantis</u>, a single sale and shipment to the forum state of an allegedly infringing product was insufficient to support a holding that defendant had "transacted business" in the forum state under the relevant section of the Virginia long arm statute[1] where that single transaction was orchestrated by a paralegal employed by plaintiff's counsel.   "To hold otherwise would grant plaintiffs the power to manufacture personal jurisdiction in a forum that presents hardship and inconvenience to defendants" and would "impermissibly dilute the notion that a single act must be significant in order to confer jurisdiction." <u>See</u> <u>DeSantis</u>, 949 F. Supp. at 424.

That Plaintiff's counsel allegedly purchased some of the accused product via the Internet does not mean that Nationwide "transacts business" in California.  Nationwide has undertaken an investigation of its customer lists for reusable vinyl windshield banner products from the website and has determined that it does not have any customers in the Central District of California for the reusable vinyl windshield banner other than Plaintiff (presumably at the direction of its counsel) and that Plaintiff was its only purchaser of reusable vinyl windshield banner merchandise in California via its website. (Rick Sutton Decl. § 8.)

Like the plaintiffs in <u>Mattel, Inc.</u>, <u>DeSantis</u> and <u>Stewart</u>, Plaintiff in this case has not provided, and will not be able to provide, a single instance of a

significant sale in California or a single customer in the State of California that was not orchestrated by Plaintiff in an attempt to manufacture jurisdiction. Such a unilateral act of the Plaintiff is simply not the type of act which should be deemed purposeful activity within the state that would result in minimum contacts with the foreign state. The only support for Plaintiff's allegation that there is jurisdiction or venue in the Central District of California is a single transaction orchestrated by Plaintiff's counsel for the sole purpose of manufacturing jurisdiction in this case, it cannot be held that Nationwide transacts business in California as would justify the exercise of personal jurisdiction over it by this Court. Clearly, this is exactly the type of "random, fortuitous or attenuated" contacts over which the non-resident defendant has no control as envisioned and rejected by the court as not constituting "purposeful availment" in <u>Burger King Corp. v. Rudzewicz</u> (1985) 471 US 462, 476, 105 S.Ct. 2174; <u>Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.</u> (9th Cir. 1986) 784 F2d 1392, 1397, 54 USLW 2485; <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u> (1984) 466 US 408, 416-417, 104 S.Ct. 1868; <u>Roth v. Marquez</u> (9th Cir. 1991) 942 F. 2d 617, 628.

Nationwide's contacts with California via its website are sporadic at best, consisting of a single shipment to Plaintiff and maintaining an Internet Web site, accessible not only in California, but anywhere in the world. This conduct simply does not constitute a "persistent course of conduct." <u>DeSantis,</u> 949 F. Supp. at 426. Likewise, the Complaint fails to allege, and there is no proof, that Nationwide "derives substantial revenue from goods used or consumed or services rendered, in the state." In fact, there is evidence that it did **not** derive such revenue. The only revenue derived by Nationwide via its website from reusable vinyl windshield banners used or consumed in California was the $135.96 from the transaction presumably orchestrated by Plaintiff's counsel for the purpose of manufacturing jurisdiction in the instant

1   action. "[T]he total sale of little more than $300 worth of goods in one year

2   does not satisfy the 'substantial revenue' basis for jurisdiction." <u>See,</u>

3   <u>DeSantis</u>, 949 F. Supp. at 426.

4       It is further unreasonable and against the standards of fair play and

5   substantial justice as set forth in <u>Burger King</u>, <u>supra</u>, to exercise jurisdiction

6   over Nationwide in this case.  There has been no evidence of purposeful

7   availment. Having to defend this matter in California would have a severe

8   adverse effect on the operation of defendant's business.  California has no real

9   interest in providing a forum.  See, <u>Brand v. Menlove Dodge</u> (9th Cir. 1986)

10   796 F2d 1070, 1075-1076 ( It was deemed unreasonable for California to

11   exercise jurisdiction over a Utah Car dealer who was sued by an Arizona

12   purchaser who was injured in Arizona because one of the parties on the chain

13   of title was an auto auction firm located in California.)

14       Subjecting Nationwide to personal jurisdiction in California violates

15   the Due Process Clause of the Constitution. <u>See</u> <u>Stewart</u>, 56 U.S.P.Q.2d at

16   1846-47; <u>Bensusan Restaurant Corp. v. King</u> (S.D.N.Y. 1996) 937 F. Supp.

17   295, 300-301, 65 USLW 2207. "Due process requires that a district court

18   seeking to exercise personal jurisdiction over a nonresident defendant must

19   conclude that the nonresident defendant has purposefully established

20   'minimum contact' with the forum state such that 'the maintenance of the

21   suit does not offend traditional notions of fair play and substantial justice.'"

22   <u>Darby v. Compagnie Nationale Air France</u> (S.D.N.Y. 1991) 769 F. Supp.

23   1255, 1262 (<u>quoting</u> <u>International Shoe Co.</u>, <u>supra</u>, 326 U.S. at 316).  The

24   relevant analysis involves a three-part test whereby the Court must

25   determine: "(1) whether the defendant 'purposefully availed' himself of the

26   benefits of the forum state; (2) whether the defendant's conduct and

27   connection with the forum state are such that he should reasonably anticipate

28   being haled into court there; (3) whether the defendant carries on a

'continuous and systematic' part of its general business within the forum

state." <u>Darby</u>, 769 F. Supp. at 1262-63.

Only contacts with the forum created by the defendant, rather than those manufactured by the plaintiff, are to be considered when determining whether the exercise of jurisdiction comports with due process. <u>See</u> <u>Edberg v. Neogen Corp.</u> (D. Conn. 1998) 17 F. Supp. 2d 104. Under similar circumstances, the court in <u>Edberg</u> concluded that a sale initiated by plaintiff was not enough to satisfy the minimum contacts requirement of the Due Process Clause. <u>See</u> <u>Id.</u> Having found the requirements of Connecticut's long arm statute met, the Court in <u>Edberg</u> t hen considered whether the exercise of jurisdiction over the non-resident defendant would violate the Due Process Clause. <u>See</u> <u>Edberg</u>, 17 F. Supp. 2d at 111-112. In assessing the defendant's minimum contacts with the forum, the court noted that it was required to determine whether there had been <u>some act by the defendant by which it has purposefully availed itself of the privilege of conducting activities with the forum state</u>. <u>See</u> <u>Id.</u> at 112. The plaintiff in that case asserted that a $246.00 sale, orchestrated by the plaintiff who said that ordering the goods was necessary to investigate whether the products infringed, constituted minimum contacts sufficient to sustain personal jurisdiction. <u>See</u> <u>Id.</u> at 108, 112. The court, however, found that the sale was insufficient to meet the minimum contacts requirement because it was the act of the plaintiff that brought the infringing products into the forum, and <u>not the defendant's promotion, advertising or sales activity</u>. <u>See</u> <u>Id.</u> at 112. The court concluded that under such circumstances, a defendant cannot be said to have purposefully availed himself of the forum. <u>See</u> <u>id.</u> Only those contacts with the forum that were created by the defendant, rather than those manufactured by the unilateral acts of the plaintiff, should be considered for Due Process purposes. <u>Id.</u> "To hold otherwise would allow a plaintiff to manufacture jurisdiction over a non-resident defendant in any forum, no matter how inconvenient, even when the defendant has not

1    purposefully directed any activity toward the forum state." Id.

2        Like the defendant in Edberg, Nationwide made only one sale via the

3    internet of the accused products in California, and that sale was presumably

4    orchestrated by Plaintiff's counsel.  Also, like the defendant in Edberg, the

5    total amount of that sale was insubstantial, amounting to only $135.96.  This

6    contact is insufficient to confer personal jurisdiction because it was a single

7    contact initiated by Plaintiff for purposes of this litigation and not by

8    Defendant.  See Edberg, 17 F. Supp. 2d at 111-112; see also Stewart, 56

9    U.S.P.Q.2d at 1845.

10       With that single sale, prompted by Plaintiff's manipulation, Nationwide

11   did not purposefully avail itself of the benefits of a California forum and

12   could not have reasonably anticipated that it would be hauled into court in

13   California.    Further, Nationwide does not carry on a continuous and

14   systematic part of its general business within California.  (See Rick Sutton

15   Decl., generally.)    Based on its activities, Nationwide could not have

16   reasonably anticipated being hauled into court in California.    At best,

17   Plaintiff has alleged that defendant has had only random and sporadic

18   contacts with California.  "Random and sporadic contacts are not sufficient

19   to satisfy the due process clause." Stewart, 56 U.S.P.Q.2d at 1846.  Plaintiff

20   simply has not alleged facts that would allow this Court to conclude that

21   Nationwide has the minimum contacts with California required by the Due

22   Process Clause of the Constitution.  It would offend the traditional notions of

23   fair play and substantial justice to require Nationwide to defend itself in

24   California as a result of Plaintiff's attempt to manufacture personal

25   jurisdiction.

26   **D.    Venue is improper as the events upon which the claim**

27        **is based did not occur in this venue.**

28       Venue is improper in this case as the substantial part of the events or

omissions upon which the claim is based did not occur in this district nor is a

16

substantial part of the property which is the subject of this litigation situated in this jurisdiction. Further, as the defendant corporation was not subject to personal jurisdiction at the time the action was filed, it may not be deemed to reside in this district, pursuant to 28 U.S.C. § 1391.

Since receiving Plaintiff's Complaint, Defendant has researched its minimal sales from the allegedly offending website and has discovered and Mr. Sutton has averred in his Declaration that Plaintiff purchased some of the allegedly infringing products and Plaintiff had them delivered to California. (Rick Sutton Decl. §8.)    These staged connections between Nationwide and the State of California, however, fail to demonstrate that Nationwide "transacts business" in California.

There was no injury that occurred in California. It is the location of the original event that caused the injury, and not the location where the resultant damages are subsequently felt by the plaintiff which should control   See Mareno v. Rowe  (2d Cir. NY 1990) 910 F.2d 1043, 1046, 17 Fed.R.Serv.3d 936 . Nationwide has already demonstrated that Plaintiff's injury, if any at all, did not occur in California for purposes of long-arm jurisdiction.

Plaintiff cannot establish that Nationwide knew or should have known that its acts would have consequences in the State of California. "The test of whether the defendant knew or reasonably should have known that his acts would have consequences in the forum state is an objective rather than subjective one."   United Bank of Kuwait, PLC v. James M. Bridges, Ltd. (S.D.N.Y. 1991) 766 F. Supp. 113, 116 . "[M]ere foreseeability of an in-state consequence and a failure to avert that consequence is not sufficient to establish personal jurisdiction." Bensusan Restaurant , supra, 937 F. Supp. at 300; See, also, Burger King, supra, 471 US at 478.

The law on whether the mere fact of maintaining an internet website confers jurisdiction is still in flux. The majority of the cases seem to hold that absent any other contact with the state, a web site alone is insufficient to confer

1   jurisdiction.  This would be the case in the subject litigation.  See, <u>Panavision</u>

2   <u>Int.'l, L.P. v. Toeppen</u> (9th Cir. 1998) 141 F3d 1316, 1320; see, also, <u>Mink v.</u>

3   <u>AAAA Development, LLC</u> (5th Cir. 1999) 190 F3d 333, 336.  In <u>GTE New</u>

4   <u>Media Services Inc. v. BellSouth Corp.</u> (DC Cir. 2000) 199 F3d 1343,1349,

5   the court likened basing jurisdiction on a website as analogous to basing it on a

6   telephone call by a resident of the forum state to another state.  Based on that

7   reasoning, every person or entity operating a website would be forced to

8   defend itself in any state or country in the world.

9       As demonstrated above, the operative facts and allegations, even

10   when considered in a light most favorable to Plaintiff, fail to establish any

11   basis for exercising personal jurisdiction over Nationwide under the

12   California long arm statute.  Therefore, it is respectfully submitted that the

13   Court should dismiss Plaintiff's First Amended Complaint for lack of

14   personal jurisdiction over the Defendant.  Subjecting Nationwide to Personal

15   Jurisdiction in California Violates Due Process.

16   ## IV.   CONCLUSION

17       Plaintiff has failed to establish that that the amount in controversy

18   exceeds $75,000.00 or that personal jurisdiction over Nationwide is proper

19   or that the exercise of personal jurisdiction comports with the Due Process

20   Clause.  The only contact by Defendant with this state was manufactured by

21   Plaintiff's counsel and that is not enough to keep the action here.  <u>See</u>

22   <u>Mattel, Inc.</u>, <u>supra</u>, U.S. Dist. LEXIS 14404 at *7; <u>DeSantis</u>, supra, 949 F.

23   Supp. at 424.  There is simply no reason why this case should be heard here.

24   Defendant is not located here, nor has it done business in such a way as to

25   confer jurisdiction over it here.   Even Plaintiff is located outside the

26   jurisdiction and has no legitimate basis for having the action resolved here.

27   Just because it is convenient for Plaintiff's counsel, who is located here, to

28   file in California does not mean that this Court should retain this case.

   For this reason and the reasons set forth above, Plaintiff's First

1  Amended Complaint alleged against Nationwide should be dismissed
2  pursuant to Federal Rule of Civil Procedure 12(b) (1), (2) and (3).

3  DATED:  September 5, 2008

4

5       ERICKSEN, ARBUTHNOT, KILDUFF, DAY & LINDSTROM

6

7      By:

8          MARK L. KIEFER, ESQ.
        ROBERT M. PINE, ESQ.
        Attorneys for Defendant NATIONWIDE
9          PENNANT AND FLAG MANUFACTURING,
        INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  MARK L. KIEFER, ESQ., Bar #116633
2  ROBERT M. PINE, ESQ. Bar #128999
   ERICKSEN, ARBUTHNOT, KILDUFF, DAY
3    & LINDSTROM, INC.
   835 Wilshire Boulevard, Suite 500
4  Los Angeles, California  90017-2603
   (213) 489-4411
5  (213) 489-4332 Fax

6  Attorneys for Defendant NATIONWIDE PENNANT AND FLAG
   MANUFACTURING, INC.

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                      SOUTHERN DIVISION

11

12

13  E-Z LETTERING SERVICE a          )  CASE NO.:  SACV08-00368 JVS
    California partnership,           )  (RNBx)
14                                    )
                    Plaintiff,        )  **DECLARATION OF RICK**
15                                    )  **SUTTON IN SUPPORT OF**
            v.                        )  **MOTION TO DISMISS**
16                                    )
    NATIONWIDE PENNANT AND           )  DATE:
17  FLAG MANUFACTURING, INC., a       )  TIME:
    Texas corporation; and DOES 1     )  COURTROOM:
18  THROUGH 5, inclusive,             )
                                      )  [Assigned to Hon. James V. Selna]
19                  Defendant.        )
                                      )
20                                    )
                                      )
21                                    )
                                      )
22                                    )
                                      )
23                                    )
                                      )
24                                    )

25

26

27

28

                              1

## DECLARATION OF RICK SUTTON

I, Rick Sutton, hereby declare as follows:

1.      I am the Vice President of Operations for the defendant, Nationwide Pennant and Flag Manufacturing, Inc., (hereinafter "Nationwide"). I have been with Nationwide for 21 years. I run the day to day operations, sign checks for payables, check sales, provide quotes, check orders, trouble shoot equipment problems, schedule work flow, and run sales reports, among other duties. I have personal knowledge of all matters stated herein.

2.      Nationwide is a privately-owned Texas corporation, with its principal place of business in San Antonio, Texas. Nationwide is engaged in the business of manufacturing and selling banners and pennants. A portion of Nationwide's business is the manufacture and sale of reusable vinyl windshield banners.

3.      Nationwide is not incorporated in California, nor has it qualified to do business in California. It has no subsidiaries incorporated or qualified to do business in California. None of defendant's officers or directors reside or are domiciled in California. No meetings of defendant's board of directors have been held in California and none of its officers or directors have attended business conferences or similar functions within California.

4.      Nationwide has no employees residing or domiciled in California; nor has it contracted with persons residing in California to act on its behalf with respect to any marketing, distributing or servicing of any of its goods or products.

5.      Nationwide owns no property in and has no branch offices or other comparable facilities in California and has no telephone listings or mailing addresses in California. Nationwide has no bank accounts or other tangible personal or real property in California.

6.    The acts or omissions for which Nationwide is sought to be held liable in this action, as described, principally in paragraphs 8 through 21, et. seq., of the First Amended Complaint, all occurred outside California.

7.    Nationwide sells banners and pennants, and also reusable vinyl windshield banners, through a catalogue found at its website, via the internet. While accessible to anyone in California (or anywhere in the world, for that matter), the website in no way specifically targets California customers.

8.    Nationwide has made only one sale of products in California from its website catalogue, to Plaintiff, E-Z Lettering, in the total amount of $135.96, by order date of 02/18/08. See Exhibit "A" hereto, which is a true and correct copy of the ordering invoice. I personally ran the sales report for the sale of any reusable vinyl windshield banners sold in the State of California, and the only sale that it came up with was the one to E-Z Lettering, shipped on 02/21/08.

9.    It would appear that E-Z Lettering and/or its counsel in this case bought the reusable vinyl windshield banners from Nationwide for the sole purpose of obtaining jurisdiction over Nationwide in California, which is where E-Z Lettering is located. Thus, there is no one in the State of California, other than the Plaintiff and its counsel, who has ordered reusable vinyl windshield banners from the Nationwide website.

10.    It would be unreasonable and would cause extreme prejudice upon Nationwide to require it to defend this action in courts within the State of California as all of the defendant's officers and employees who may act as witnesses as well as the alleged merchandise and any documentation pertaining to it are in the State of Texas, the car lot where the alleged infringement took place is in the State of Texas, and the photographer who took the photograph at the used car lot is a resident of the State of Texas. To defend in California would place a great burden on Nationwide.

1    Nationwide did not purposefully inject itself in California.  There was no

2    specific direction of activity toward California residents.

3           I declare under penalty of perjury that the foregoing is true and

4    correct.

5           Executed on September 4, 2008 at San Antonio, Texas.

6

7                                         Rick Sutton, V.P. Operations, Nationwide

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

# Nationwide Pennant & Flag Mfg.

Aug 1, 2008

2:43 pm

## Closed Sales Order Report (Filtered)

(Report period: January 1, 2008 to August 1, 2008)

| Order# | Customer ID | Name / Order Description | Order Information |
|--------|-------------|--------------------------|-------------------|

*** Customer ID: W68441 ***

94216   W68441       E Z LETTERING SERVICE            Ord date:   02/18/08
                      SS-6253                         Shp date:   02/21/08

| Item / Description | Order | Ship | Cancel | Price | Amount |
|--------------------|-------|------|--------|-------|--------|
| SWSH-46 OVER 30+ MPG VINYL WINDSHIELD BANNERS | 3 | 3 | 0 | 11.33 | 33.99 |
| SWSH-42 PRE OWNED VINYL WINDSHIELD BANNERS | 3 | 3 | 0 | 11.33 | 33.99 |
| SWSH-41 SALE VINYL WINDSHIELD BANNERS | 3 | 3 | 0 | 11.33 | 33.99 |
| SWSH-52 NICELY EQUIPPED VINYL WINDSHIELD BANNERS | 3 | 3 | 0 | 11.33 | 33.99 |
| UPS UPSTRACKING NUMBER 1Z7737240347863194 | 1 | 1 | 0 | 0.00 | 0.00 |

|  | Order Subtotal | 135.96 |
|--|----------------|--------|
|  | Total for W68441 | 135.96 |

Exhibit "A"

1  MARK L. KIEFER, ESQ., Bar #116633
2  ROBERT M. PINE, ESQ. Bar #128999
   ERICKSEN, ARBUTHNOT, KILDUFF, DAY
3     & LINDSTROM, INC.
   835 Wilshire Boulevard, Suite 500
4  Los Angeles, California 90017-2603
   (213) 489-4411
5  (213) 489-4332 Fax

6  Attorneys for Defendant NATIONWIDE PENNANT AND FLAG
   MANUFACTURING, INC.

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                       SOUTHERN DIVISION

11

12

13  E-Z LETTERING SERVICE a          )  CASE NO.:  SACV08-00368 JVS
    California partnership,           )  (RNBx)
14                                    )
                 Plaintiff,           )  **DECLARATION OF MARK L.**
15                                    )  **KIEFER IN SUPPORT OF**
            v.                        )  **MOTION TO DISMISS**
16                                    )
    NATIONWIDE PENNANT AND            )  DATE:
17  FLAG MANUFACTURING, INC., a       )  TIME:
    Texas corporation; and DOES 1     )  COURTROOM:
18  THROUGH 5, inclusive,             )
                                      )  [Assigned to Hon. James V. Selna]
19               Defendant.           )
                                      )
20                                    )
                                      )
21                                    )
                                      )
22                                    )
                                      )
23                                    )
                                      )
24                                    )

25

26

27

28

1

## DECLARATION OF MARK L. KIEFER

I, Mark L. Kiefer, hereby declare as follows:

1.     I am an attorney at law, licensed to practice before all of the courts of the State of California. I am a partner in Ericksen, Arbuthnot, Kilduff, Day & Lindstrom, Inc., counsel of record for defendant Nationwide Pennant and Flag Manufacturing, Inc., (hereinafter "Nationwide"). I make this declaration from facts within my own personal knowledge, and, if called upon to do so, could and would testify competently as follows:

2.     I am familiar with the pleading, correspondence and discovery files maintained by our office in this matter.

3.     Attached hereto as Exhibit "B" is a true and correct copy of the page of the on-line Copyright Catalog (1978 to present) of the United States Copyright Office with the search results for plaintiff E-Z Lettering Service. This page was retrieved and printed at my direction on September 4, 2008.

4.     I complied with Local Rule 7-3 regarding meet-and-confer by sending a letter via facsimile and first class mail on August 28, 2008, to Kevin M. Welch, Esq. of J. Mark Holland & Associates, counsel for plaintiff E-Z Lettering Service. A true and correct copy of that letter is attached hereto as Exhibit "C."

5.     As of the date of this Declaration, I have received no response to Exhibit "C."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 4, 2008 at Los Angeles, California.

_____
Mark L. Kiefer

# EXHIBIT "B"



# EXHIBIT "C"



| | |
|---|---|
| Oakland | San Francisco |
| San Jose | Los Angeles |
| Fresno | Bakersfield |
| Sacramento | Riverside |

Walnut Creek

---

**Ericksen, Arbuthnot, Kilduff, Day & Lindstrom, Inc.**
Attorneys at Law

Preston N. Ericksen
1921-1997

Robert M. Arbuthnot
Retired

**Oakland**
530 Water Street
Suite 720, 94607-3746
(510) 832-7770
FAX (510) 832-0102

**San Francisco**
111 Sutter Street
Suite 575, 94104-4504
(415) 362-7126
FAX (415) 362-6401

**Los Angeles**
835 Wilshire Boulevard
5th Floor, 90017-2603
(213) 489-4411
FAX (213) 489-4332

**Sacramento**
100 Howe Avenue
Suite 110S, 95825-8201
(916) 483-5181
FAX (916) 483-7558

**San Jose**
152 North Third Street
Suite 700, 95112-5660
(408) 286-0880
FAX (408) 286-0337

**Fresno**
2440 West Shaw Avenue
Suite 101, 93711-3300
(559) 449-2600
FAX (559) 449-2603

**Bakersfield**
1830 Truxtun Avenue
Suite 200, 93301-5022
(661) 633-5060
FAX (661) 633-5089

**Riverside**
4129 Main Street
Suite 200, 92501-3629
(909) 682-3246
FAX (909) 682-4013

**Walnut Creek**
Corporate Administration
570 Lennon Lane
Walnut Creek, CA 94598
(925) 947-1702
FAX (925) 947-4921

www.eakdl.com

*PLEASE REPLY TO THE LOS ANGELES OFFICE*

August 28, 2008

BY FAX AND MAIL

Kevin M. Welch, Esq.
*J. Mark Holland & Associates*
3 San Joaquin Plaza, Suite 210
Newport Beach, CA  92660

Re:    <u>E-Z Lettering Service v. Nationwide Pennant and Flag Mfg., Inc.</u>
Our Client:  Nationwide Pennant and Flag Mfg., Inc.

Dear Mr. Welch:

U.S. District Court Local Rule 7-3 requires that I confer with you, prior to filing a Motion to Dismiss, at least 5 days prior to the last day for filing, to see if we can reach resolution.

I plan to file a Motion to Dismiss, on three grounds, if we cannot reach resolution. Perhaps after considering the following you client will agree to voluntarily dismiss this claim in California and re-file in the appropriate District Court in Texas.  That is what we would ask for as resolution.

The first ground for the Motion is lack of personal jurisdiction.  <u>Federal Rule of Civil Procedure</u> 12 (b) (2).  The only sale of vinyl windshield banners by my clients into California was the subject sale to E-Z Lettering.  Obviously, it is our contention that this was a ruse to try to gain jurisdiction.  Case law holds that a single sale of this nature is insufficient as a basis for personal jurisdiction. In <u>Mattel, Inc. v. Anderson</u>, No. 04 Civ. 5275, 2005 U.S. Dist. LEXIS 14404; WL1690528 (S.D.N.Y. Jul. 18, 2005), the court explicitly held that defendant's single sale to plaintiff's investigator in New York did not confer personal jurisdiction under §302(a)(1) because it was "'nothing more than an attempt by plaintiff to manufacture a contact with this forum . . . . Defendant cannot be said to have purposefully availed [itself] of the protections of this forum when it was an act of someone associated with plaintiff, rather than [its] web site advertising, that brought [its] products into this forum.'"  2005 U.S. Dist. LEXIS 14404 at *7

Mr. Kevin M. Welch
Re:   E-Z Lettering v. Nationwide Pennant
August 28, 2008
Page 2

(quoting <u>Millennium Enters. v. Millennium Music</u>, 33 F. Supp. 2d 907, 911 (D.Ore. 1999)).   As the Court noted in <u>Stewart v. Vista</u>, 56 U.S.P.Q.2d 1842, 1845 (S.D.N.Y. 2000), plaintiff's ordering an accused product in California is a contact initiated by the plaintiff, not the defendant; unilateral acts of the plaintiff cannot translate into the defendant <u>deliberately availing</u> itself of the forum.

The second ground for the motion is lack of subject matter jurisdiction as the amount in controversy does not exceed $75,000.   <u>Federal Rule of Civil Procedure</u> 12 (b) (1) requires that the amount in controversy exceed $75,000.00.The one sale of vinyl windshield banners into California to your client was for the total amount of $135.96. This does not meet the test. "[T]he total sale of little more than $300 worth of goods in one year does not satisfy the 'substantial revenue' basis for jurisdiction."  See <u>DeSantis v. Hafner Creations,</u>[1] 949 F. Supp. 419 41 U.S.P.Q.2d 1931 (E.D. Va. 1996) <u>DeSantis</u>, 949 F. Supp. at 426.

The third ground for the motion is improper or incorrect venue for this matter pursuant to <u>Federal Rule of Civil Procedure</u> 12 (b) (3).  Defendant is a Texas company.  Its employees are in Texas.  The acts that E-Z accuses Nationwide of committing have all been performed in Texas.  The necessary witnesses to the facts, i.e., the San Antonio, Texas car lot purchasing the subject banner, the local photographer taking a photograph of the subject banner in San Antonio, Texas, Nationwide selecting the particular photo in San Antonio, Texas, all sales being made from San Antonio, Texas, all occurred in Texas.  Venue and jurisdiction are more proper in Texas.

Please let us hear from you as to whether you will dismiss in California and re-file in Texas.  Otherwise, we will have to file our Motion.

Very truly yours,

ERICKSEN, ARBUTHNOT, KILDUFF, DAY & LINDSTROM

MARK L. KIEFER, ESQ.
MLK/bcs

E-Z Lettering/Opposing Counsel.002.doc

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action; my business address is 835 Wilshire Blvd., Los Angeles, California 90017.

On September 5, 2008, I served the foregoing document described as **DEFENDANT NATIONWIDE PENNANT AND FLAG MANUFACTURING, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER, PERSONAL JURISDICTION AND DUE TO IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(b) (1) THROUGH (3); MEMORANDUM OF LAW IN SUPPORT THEREIN; DECLARATIONS OF RICK SUTTON AND MARK KIEFER** on the interested parties in this action:

<u>X</u>    by placing true and correct copies thereof enclosed in sealed envelopes addressed as follows:

J. Mark Holland, Esq.
Lynn M.J. Boisneau, Esq.
Kevin M. Welch, Esq.
*J. Mark Holland & Associates*
3 San Joaquin Plaza, Suite 210
Newport Beach, CA 92660
(949) 718-6750 / (949) 718-6756 Fax
*Attorneys for Plaintiff*

<u>X</u>    **BY MAIL.** I caused such envelopes with postage thereon fully prepaid to be placed in the United States mail in the County of Los Angeles.

—    **BY PERSONAL SERVICE.** I caused such envelopes to be delivered by hand to the offices of the addressee.

—    **BY FACSIMILE.** I caused such documents to be sent to the address above via the facsimile number indicated.

I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

—    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

<u>X</u>    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 5, 2008, at Los Angeles, California.

*Brenda C. Stewart*